

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JHK:DMB/BWB/JPL
F.#2009R01793

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 26, 2010


The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Najibullah Zazi
          Criminal Docket No. 09-663 (RJD)(S-1)

Dear Chief Judge Dearie:

    The government respectfully submits this letter in response to the letter motions filed by a Newsday reporter on February 23, 2010, and by the Associated Press on February 24, 2010, seeking to unseal the plea agreement in the above-referenced case along with the parties' February 22, 2010 motion to seal that agreement.  For the following reasons, along with the reasons submitted in the attached letter also submitted for filing under seal, the government respectfully opposes those motions.

I.    <u>Background</u>

    On September 23, 2009, a grand jury in the Eastern District of New York returned an indictment charging Najibullah Zazi with conspiracy to use weapons of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2).  On February 22, 2010, Zazi pleaded guilty, pursuant to an agreement with the government, to a superseding information charging him with conspiracy to use weapons of mass destruction, in violation of 18 U.S.C. § 2332a(a)(2), conspiracy to commit murder abroad, in violation of 18 U.S.C. § 956(a)(1), and providing material support to al-Qaeda, in violation of 18 U.S.C. § 2339B.  The Court scheduled sentencing for June 25, 2010.

By written motion prior to the plea proceeding, the government and the defendant jointly moved to seal the plea agreement. The government similarly requested sealing of the sealing motion, and the motion was accepted for filing under seal. See Docket Item 27 (Feb. 22, 2010). During the plea proceeding, the Court granted the motion to seal the plea agreement without prejudice to future motions to unseal. See Tr. of Plea Hearing, Feb. 22, 2010, at 29.

The next day, February 23, 2010, John Riley, a reporter for Newsday, wrote a letter to the Court seeking unsealing of both the plea agreement and the motion to seal. Letter from John Riley to Hon. Raymond J. Dearie, Feb. 23, 2010 ("Newsday Motion"). On February 24, 2010, the Associated Press ("AP") formally moved to unseal both documents. Letter from David A. Schulz, Esq. to Hon. Raymond J. Dearie, Feb. 24, 2010. On February 24, 2010, the Court directed counsel to respond by February 26, 2010.

II. Applicable Law

"The press and the public have a qualified First Amendment right of access to plea . . . proceedings." United States v. Alcantara, 396 F.3d 189, 191-92 (2d Cir. 2005). This qualified right encompasses access to written plea agreements between the government and defendants. United States v. Haller, 837 F.2d 84, 86-87 (2d Cir. 1988).

Because the right is "qualified," however, it may be overcome in certain circumstances. A court may close an otherwise public proceding, or seal a particular document, if it makes "specific, on the record findings demonstrating that closure [or sealing] is essential to preserve higher values and is narrowly tailored to serve that interest." Alcantara, 396 F.3d at 199 (alteration omitted). As the Second Circuit has formulated the relevant balancing test, when deciding a closure motion, a court must (1) "determine . . . if there is a substantial probability of prejudice to a compelling interest of the defendant, government, or third party" that closure would prevent; (2) if there is such a probability, "consider whether reasonable alternatives to closure" can otherwise protect the compelling interest; (3) if reasonable alternatives are lacking, "determine whether, under the circumstances of the case, the prejudice to the compelling interest overrides the First Amendment right of access"; and (4) if closure is warranted, "devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose." United States v. Doe, 63

F.3d 121, 128 (2d Cir. 1995) (internal quotation marks, alteration, and citation omitted).

Among the "higher values" or "compelling interests" that can override the qualified right of access are (1) a defendant's right to a fair trial, see, e.g., Doe, 63 F.3d at 128; In re Herald Co., 734 F.2d 93, 100 (2d Cir. 1984); (2) privacy interests of the defendant or others, Press-Enterprise Co. v. Superior Court, 464 U.S. 501, 510 (1984); Doe, 63 F.3d at 128; New York Times Co. v. Biaggi, 828 F.2d 110, 115-16 (2d Cir. 1987); (3) the government's interest in the confidentiality of investigations and investigative techniques, Press-Enterprise Co. v. Superior Court, 478 U.S. 1, 8-9 (1986); Doe, 63 F.3d at 128; Haller, 837 F.2d at 87-88; In re Herald Co., 734 F.2d at 100; and (4) the physical safety of defendants, witnesses, or others, Doe, 63 F.3d at 127; In re Herald Co., 734 F.2d at 100.

In addition, because the defendant's interest in fair criminal proceedings is one of the primary concerns underlying openness in the first place, where a defendant affirmatively joins a motion to seal, that factor must weigh in the analysis as well. Doe, 63 F.3d at 128.

Where the government or defendant moves to seal a plea agreement, "except in extraordinary circumstances," notice of the government's motion to seal must be publicly docketed, although the motion itself may be filed under seal. Haller, 837 F.2d at 87. The Court must then allow "interested parties to intervene and afford[] them a prompt hearing to contest its decision," although, as the Haller decision itself demonstrates, the Court may order the agreement sealed in advance of any intervention by interested parties, so long as those parties have notice and an opportunity to contest the sealing of the agreement thereafter. Id. The Court's sealing order may also be filed under seal. Id.

III. Discussion

Sealing the parties' plea agreement upon their joint motion was appropriate because the facts set forth in the February 22, 2010 motion established that sealing was essential to preserving identified compelling interests, and narrowly tailored to serve those same interests. Because listing those interests in a public motion would have vitiated the basis for the motion, the motion itself was also properly filed under seal.

For precisely the same reasons, the government does not expand factually upon its previously expressed reasons herein, although it does offer additional legal support and argument in

3

support of sealing in the accompanying letter, which, for the same reasons, is also submitted under seal.

The government does, however, offer the following responses to arguments made in favor of unsealing in the Newsday Motion. First, Newsday argues that the Court should make additional factual findings in support of sealing. Although the Court appears to have adopted the reasons set forth by the government in its motion, see Tr. of Plea Hearing at 29, the government respectfully requests that the Court enter, under seal, the proposed findings previously submitted along with the government's February 22, 2010 motion to seal. See, e.g., Haller, 837 F.2d at 87 (findings in support of sealing may be made under seal where public disclosure of findings would vitiate the basis for sealing).

Second, Newsday argues that because the AP, New York Times, and other organizations have already reported that the defendant is "cooperating with authorities," the government has "waived any ability to claim that disclosure" of a cooperation provision in the plea agreement would damage an important government interest. Essentially, Newsday argues that the media and its sources have already fully damaged any relevant compelling interest, and thus further sealing predicated on such an interest would have little practical purpose.[1]

Although the government obviously does not confirm or deny that the plea agreement contains any provision related to cooperation, it notes that Newsday's "waiver" argument is misplaced. Initially, the argument is misplaced because it begs the central question it purports to answer: if Newsday and the AP believe that they already know the Court's reasons for sealing the agreement, there is no reason for them to seek unsealing. In fact, as the existence of the unsealing motions themselves demonstrate, Newsday and the AP do not know the Court's reasons

---

[1] Relatedly, Newsday argues that the Department of Justice similarly waived any such interest when the Attorney General stated that, "As I have stated on other occasions, the criminal justice system also contains powerful incentives to induce pleas that yield long sentences and gain intelligence." This argument simply misreads the Attorney General's remarks. First, they came after the discussion of the public facts in this case. Second, the comments, which are similar to comments the Attorney General has made "on other occasions," simply addressed the general merits of the criminal justice system as one of the tools necessary to combat terrorism.

4

for sealing.  And because they do not know the reasons for sealing, they cannot plausibly argue that revealing those reasons would not prejudice compelling government interests.

Even putting aside the logical fallacy underlying the argument, the factual basis for the "waiver" argument is tenuous. In short, Newsday asserts that the reasons for sealing are already public because other media outlets have reported those reasons as "fact."  But the media outlets cited in Newsday's motion have reported only that other anonymous sources believe that the defendant is cooperating with the authorities.  None of the media reports cited by Newsday identify any particular individual with knowledge of the facts, explain how their source acquired the relevant information, or provide any other basis to judge their accuracy.[2]  While news outlets can make factual assertions based on unverifiable anonymous sources, those reports are correspondingly less reliable and less likely to be credited by the public at large.[3]  Accordingly, whether true or not, anonymously-sourced reports are unlikely to have the effect claimed by Newsday of vitiating the government's compelling reasons for sealing.

---

[2] For example, the New York Times reported on February 23, 2010, that the defendant had, "[i]n recent weeks . . . begun providing information to prosecutors as part of the initial stages of an agreement that led to his guilty plea on Monday, according to two people with knowledge of the case."  A.G. Sulzberger & William K. Rashbaum, "Guilty Plea Made in Plot to Bomb New York Subway," New York Times, Feb. 23, 2010 (emphasis added).  Similarly, the AP reported on the same day that "The jailed Zazi had recently volunteered information about the bomb plot in the first step toward a plea deal, The Associated Press learned earlier this month from officials who spoke on condition of anonymity because the terror investigation was ongoing. His cooperation suggests prosecutors hope to expand the case and bring charges against other suspects."  "NYC Bomb Plotter Plea Deal Might Help Broaden Case," The Associated Press, Feb. 23, 2010 (emphasis added).

[3] Precisely for these reasons, both the New York Times and the AP discourage the use of anonymous sources in their source policies, and generally require reporters to identify anonymous sources more specifically than merely as "sources," "officials," or "a person familiar with the case."  See, e.g., New York Times Company, Confidential News Sources Policy, http://www.nytco.com/company/business_units/sources.html (visited February 26, 2010).

5

In sum, Newsday's argument boils down to the proposition that if one media outlet reports that the defendant is cooperating with authorities, the Court is required to unseal the plea agreement - whether or not cooperation was the basis for sealing in the first place. This sort of 'one free guess' argument is plainly inconsistent with the balancing test set forth in <u>Alcantara</u>, 396 F.3d at 199, and should be rejected by the Court.

IV.  <u>Conclusion</u>

For the foregoing reasons, and the reasons set forth in the accompanying sealed letter and the February 22, 2010 sealing motion, the government respectfully requests that the Court maintain under seal the plea agreement, the February 22, 2010 sealing motion, and this letter, and enter the proposed findings and order to seal under seal.

Counsel for the defendant, William Stampur, Esq., joins in this motion.

Respectfully submitted,

BENTON J. CAMPBELL
United States Attorney

By:  _____/s/_____
Jeffrey H. Knox
David Bitkower
Berit Berger
James P. Loonam
Assistant U.S. Attorneys

cc:  William Stampur, Esq.