JHK:DMB
F.#2009R01793

EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

NAJIBULLAH ZAZI,
    also known as "Salahuddin,"

        Defendant.

- - - - - - - - - - - - - - - - -X

COOPERATION AGREEMENT

09 CR 663 (RJD)(S-1)

       Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and Najibullah Zazi, also known as "Salahuddin," (the "defendant") agree to the following:

       1.    The defendant will waive indictment and plead guilty to a superseding information to be filed in this district, charging violations of 18 U.S.C. §§ 2332a(a)(2) (Count One), 956(a)(1) (Count Two), and 2339B(a)(1) (Count Three). Count One carries the following statutory penalties:

           a.    Maximum term of imprisonment: life
               (18 U.S.C. § 2332a(a)).

           b.    Minimum term of imprisonment: 0 years
               (18 U.S.C. § 2332a(a)).

           c.    Maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or

2

    time previously served on post-release supervision
    (18 U.S.C. § 3583(e) & (j)).

  d. Maximum fine: $250,000
    (18 U.S.C. § 3571(b)(3)).

  e. Restitution: to be determined by the Court
    (18 U.S.C. §§ 3663, 3663A).

  f. $100 special assessment
    (18 U.S.C. § 3013).

  g. Other penalties: removal.

Count Two carries the following statutory penalties:

  a. Maximum term of imprisonment: life
    (18 U.S.C. § 956(a)(2)(A)).

  b. Minimum term of imprisonment: 0 years
    (18 U.S.C. § 956(a)(2)(A)).

  c. Maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonent or time previously served on post-release supervision
    (18 U.S.C. § 3583(e) & (j)).

  d. Maximum fine: $250,000
    (18 U.S.C. § 3571(b)(3)).

  e. Restitution: to be determined by the Court
    (18 U.S.C. §§ 3663, 3663A).

  f. $100 special assessment
    (18 U.S.C. § 3013).

  g. Other penalties: removal.

Count Three carries the following statutory penalties:

  a. Maximum term of imprisonment: 15 years
    (18 U.S.C. § 2339B(a)(1)).

  b. Minimum term of imprisonment: 0 years
(18 U.S.C. § 2339B(a)(1)).

  c. Maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583(e) & (j)).

  d. Maximum fine: $250,000
(18 U.S.C. § 3571(b)(3)).

  e. Restitution: to be determined by the Court
(18 U.S.C. §§ 3663, 3663A).

  f. $100 special assessment
(18 U.S.C. § 3013).

  g. Other penalties: removal.

The sentence imposed on each count may run consecutively.

  2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including all criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. Based on information known to it now, the Office will not oppose a downward

4

adjustment of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1.

    3. The defendant will provide truthful, complete and accurate information and will cooperate fully with the Office. This cooperation will include, but is not limited to, the following:

    a. The defendant agrees to be fully debriefed and to attend all meetings at which his presence is requested, concerning his participation in and knowledge of all criminal activities.

    b. The defendant agrees to furnish to the Office all documents and other material that may be relevant to the investigation and that are in the defendant's possession or control and to participate in undercover activities pursuant to the specific instructions of law enforcement agents or this Office.

    c. The defendant agrees not to reveal his cooperation, or any information derived therefrom, to any third party without prior consent of the Office.

    d. The defendant agrees to testify at any proceeding in the Eastern District of New York or elsewhere as requested by the Office.

    e. The defendant consents to adjournments of his sentence as requested by the Office.

    4. The Office agrees that:

    a. Except as provided in paragraphs 1, 8 and 9, no criminal charges will be brought against the defendant for his heretofore disclosed participation in criminal activity involving conspiracy to kill American and allied military forces in Afghanistan; conspiracy to receive and receipt of military-type training from al-Qaeda; conspiracy to provide and provision of material support, including

5

        currency, training, communications equipment, and personnel, to al-Qaeda; conspiracy and attempt to construct, and construction of, explosive devices with intent that such devices be used against persons and property within the United States; obstruction and attempted obstruction of justice; making false statements to the Federal Bureau of Investigation; fraud and false statements in relation to credit card applications and purchases; fraud and false statements in relation to bankruptcy; and structuring currency transactions to avoid federal reporting requirements; all from the period from January 2008 through September 19, 2009, and, at the time of sentence, it will move to dismiss the underlying indictment with prejudice.

    b.    No statements made by the defendant during the course of this cooperation will be used against him except as provided in paragraphs 2, 8, and 9.

5.    The defendant agrees that the Office may meet with and debrief him without the presence of counsel, unless the defendant specifically requests counsel's presence at such debriefings and meetings. Upon request of the defendant, the Office will endeavor to provide advance notice to counsel of the place and time of meetings and debriefings, it being understood that the Office's ability to provide such notice will vary according to time constraints and other circumstances. The Office may accommodate requests to alter the time and place of such debriefings. It is understood, however, that any cancellations or reschedulings of debriefings or meetings requested by the defendant that hinder the Office's ability to prepare adequately for trials,

hearings or other proceedings may adversely affect the defendant's ability to provide substantial assistance. Matters occurring at any meeting or debriefing may be considered by the Office in determining whether the defendant has provided substantial assistance or otherwise complied with this agreement and may be considered by the Court in imposing sentence regardless of whether counsel was present at the meeting or debriefing.

   6.  If the Office determines that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement, the Office will file a motion pursuant to U.S.S.G. § 5K1.1 with the sentencing Court setting forth the nature and extent of his cooperation. Such a motion will allow the Court, in applying the advisory Guidelines, to consider a range below the Guidelines range that would otherwise apply. In this connection, it is understood that a good faith determination by the Office as to whether the defendant has cooperated fully and provided substantial assistance and has otherwise complied with the terms of this agreement, and the Office's good faith assessment of the value, truthfulness, completeness and accuracy of the cooperation, shall be binding upon him. The defendant agrees that, in making this determination, the Office may consider facts known to it at this time. The Office will not recommend to the Court a specific sentence to be imposed. Further, the Office cannot and does not

7

make a promise or representation as to what sentence will be imposed by the Court.

7. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 4(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

8. The defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes. Should it be judged by the Office that the defendant has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including (a) not to oppose a downward adjustment of two levels for acceptance of responsibility described in paragraph 2 above, and (b) to file the motion described in paragraph 6 above. Moreover, this Office may withdraw the motion described in paragraph 6 above, if such motion has been filed prior

8

to sentencing. The defendant will also be subject to prosecution for any federal criminal violation of which the Office has knowledge, including, but not limited to, the criminal activity described in paragraph 4 above, perjury and obstruction of justice.

9. Any prosecution resulting from the defendant's failure to comply with the terms of this agreement may be premised upon, among other things: (a) any statements made by the defendant to the Office or to other law enforcement agents on or after September 17, 2009; (b) any testimony given by him before any grand jury or other tribunal, whether before or after the date this agreement is signed by the defendant; and (c) any leads derived from such statements or testimony. Prosecutions that are not time-barred by the applicable statutes of limitation on the date this agreement is signed may be commenced against the defendant in accordance with this paragraph, notwithstanding the expiration of the statutes of limitation between the signing of this agreement and the commencement of any such prosecutions. Furthermore, the defendant waives all claims under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal statute or rule, that statements made by him on or after September 17, 2009, or any leads derived therefrom, should be suppressed.

10. If the defendant requests, and in the Office's judgment the request is reasonable, the Office will make

application and recommend that the defendant and, if appropriate, other individuals be placed in the Witness Security Program, it being understood that the Office has authority only to recommend and that the final decision to place an applicant in the Witness Security Program rests with the Department of Justice, which will make its decision in accordance with applicable Departmental regulations.

11. If the defendant requests, and in the Office's judgment the request is reasonable, the Office will recommend to the Department of Justice that the defendant be issued an S Visa Classification, it being understood that the Office has authority only to recommend and that the final decision whether to grant such relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

12. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

13. Apart from the written proffer agreements dated September 17 and 18, 2009, and February 3, 4, 5, 7, 8, 9, 11, 12, 16, 17, 18, 19, 21, and 22, 2010, no promises, agreements or

conditions have been entered into other than those set forth in this agreement, and none will be entered into unless memorialized in writing and signed by all parties. This agreement supersedes any prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated:   Brooklyn, New York
         February 22, 2010

                                    BENTON J. CAMPBELL
                                    United States Attorney
                                    Eastern District of New York

                              By:   _____
                                    David Bitkower
                                    Assistant United States Attorney

                                    Approved by:

                                    _____
                                    Jeffrey Knox
                                    Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
Najibullah Zazi
Defendant

Approved by:
_____
William Stampur, Esq.
Counsel to Defendant