# STAMPUR & ROTH
## ATTORNEYS AT LAW

WILLIAM J. STAMPUR
JAMES ROTH

299 BROADWAY, SUITE 800
NEW YORK, N.Y. 10007

(212) 619-4240
FAX (212) 619-6743

April 8, 2019

**Redacted for Public Filing**

The Honorable Raymond J. Dearie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

### Re: United States v. Najibullah Zazi
### Criminal Docket No. 09-663 (S-1) (RJD)

Dear Judge Dearie:

      This letter is respectfully submitted on behalf of the defendant Najibullah Zazi, who is scheduled to appear before Your Honor April 23, 2019, to join the Government's request for a downward departure of his sentence, due to his comprehensive and crucial cooperation with the Government, which resulted in the successful prosecution of one of his co-conspirators, other charged individuals, testimony at trial(s), ▮▮▮▮▮▮▮▮▮ providing information the Government only became aware of as a result of his cooperation and his agreeing to remain available to continue to cooperate even after he is sentenced if the government so desires. See United States Sentencing Guidelines ("U.S.S.G.") 5K1.1. We enclose the following for the Court's consideration in connection with Mr. Najibullah Zazi's sentencing: Government's letter pursuant to section 5K1.1 (Exhibit A); ▮▮▮▮▮▮▮▮▮

## BACKGROUND

On February 22, 2010 Mr. Zazi plead guilty pursuant to a Cooperation Agreement to all counts of a Superseding Information. See government letter pages 1-2 I. Offense Conduct and and PreSentence Report (PSR) paragraph 1-4.

## 5 K1.1 DOWNWARD DEPARTURE

1

The United States Sentencing Guidelines strongly encourage a downward departure when a defendant provides "substantial assistance to authorities...in the investigation or prosecution of another person who has committed an offense." U.S.S.G. 5K1.1 (1997) See also U.S. v. Maier, 975 F.2d 944, 948 (2d Cir. 1992). In determining the appropriate sentence in light of the defendant's cooperation, the court is encouraged, but not limited to, the following consideration:

(1) The significance and usefulness of the defendant's assistance; (2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant; (3) the nature and extent of the defendant's assistance; (4) any danger or risk of injury to the defendant or his family; (5) the timeliness of the defendant's assistance. U.S.S.G. 5K1.1 (a). Furthermore, "substantial weight" should be given to the Government's evaluation of the extent of the defendant's assistance. U.S.S.G. 5K1.1 Application Note 3.

The Government's February 15, 2019 5K1.1 25-page letter (Exhibit A) analyzes and meticulously spells out a multitude of factors why Mr. Zazi is entitled to consideration for a significant downward departure. "As detailed above in section IV of this letter 'the nature and extent of Zazi's assistance has been extraordinary'" (Gov't letter page 22).

## IMPORTANCE

The importance of Mr. Najibullah Zazi's cooperation cannot be overstated. The Government notes "Over the past eight years, Zazi has provided extraordinary cooperation, meeting with the government more than one-hundred (100) times, viewing hundreds of photographs, and providing information that assisted law enforcement officials in a number of different investigations even where Zazi did not personally know the subjects of those investigations. . . [REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]



## TRUTHFULNESS/TIMELINESS

Zazi began cooperating with the government on February 3, 2010, and was extensively debriefed by the FBI for 14 days before pleading guilty on February 22, 2010.

The truthfulness of the information Zazi provided was corroborated by numerous sources. See U.S.S.G. § 5K1.1(a)(2)

"Once Zazi decided to cooperate in February 2010, he gave the government his full, complete cooperation. He proffered at great length about every aspect of his conduct without minimizing his actions, nor were there any areas of questioning that Zazi refused to address. His cooperation including implicating his friends (Ahmedzay and Medunjanin) in terrorism crimes as well as telling law enforcement about various acts by Zazi's own family members. . ." (Gov't letter page 12)

As the government points out at the trial of Adis Medunjanin in 2012 before the Honorable John Gleeson his testimony was critical, powerful and compelling. "Notably, reflecting the difficulty Zazi had testifying against a close friend, Zazi broke down in tears. . ." (Gov't letter page 16)

Mr. Zazi pleaded guilty approximately two months before his co-conspirator Zarein Ahmedzay began cooperating. There is no doubt that Zazi's guilty plea played a role in encouraging Mr. Ahmedzay to also cooperate with the government.

3

"Zazi also continued to provide information in a timely manner as new issues and questions arose during the course of his cooperation, and to prepare for and testify at multiple trials." (Gov't letter page 23)

## ACCEPTANCE OF RESPONSIBILITY

From his initial meeting with the Government Mr. Zazi never downplayed his role(s) in any criminal activity. Mr. Zazi never hesitated to fully describe his own criminal conduct and accept responsibility for his actions.

## DANGER / RETALIATION

"Zazi's assistance came in the face of substantial potential danger to himself and his family. U.S.S.G. §5K1.1(a)(4). Terrorist organizations such as al-Qaeda have publicized the fact that they may target individuals who betray or cooperate against them. By aligning himself with the government against al-Qaeda, Zazi assumed such a risk.



## THE DEFENDANT

Mr. Zazi is now 33 years old.



Mr. Zazi's father eventually left the family and went to ▮▮▮▮, and then to the United States. ▮▮▮▮

When he was approximately 14 years old his family immigrated to the United States and joined his father.



███████████████████████████████████████

Prior to his arrest in September 2009, he had worked almost continuously at a variety of different jobs. He was an airport shuttle driver, food truck vendor, grocery store clerk and cashier at a fast-food restaurant.

Mr. Zazi has never used drugs or consumed alcohol.

Mr. Najibullah Zazi has been incarcerated over 9 ½ years.

"According to a copy of a Bureau of Prisons (BOP) Progress Report, dated August 1, 2018, the defendant has made an overall positive adjustment to incarceration. His work assignments have included Unit Orderly and Food Services work details, and he has received outstanding evaluations from his supervisors. ███████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

## MR. ZAZI'S INVOLVEMENT AND LETTER

How does one explain the "how or why" someone who was in the position Mr. Zazi was, involving himself in this "terrorist activity" resulting in the charges he stands convicted of.

I have been representing Mr. Zazi for almost 10 years. The man he is today is totally different than the one I met in 2010.

His decision to cooperate with the government appeared to signify a new beginning for him and has definitely evinced a transformation.

However, as a result of his cooperation he has lost many, if not all things that comprised a significant portion of his prior life.

His letter ████████ is poignant, informative and revealing in who he "was" but most importantly who he "is" today.

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

How then does one explain how a young man to prior to his arrest in this case had never engaged in a single act of defiance against authority or any act of criminal or antisocial conduct end up before Your Honor today.



Like many young Muslims in Western developed nations, Mr. Zazi was very effectively guilt-tripped by the bellicose rhetoric of radical cleric Anwar Al-Awlaki, who preyed upon and influenced young men to want to propel themselves to armed assistance to less fortunate Muslims abroad in order to fulfill their religious commitment.

Through the years of representing Mr. Najibullah Zazi and discussion(s) with him of his life before and after his arrest, he has unequivocally disavowed radical Islam in no uncertain terms.

"Looking back, I can now see how gullible I was, actually living in an imaginary world. Your Honor, the uneducated are perfect targets for the unscrupulous. They make historical facts and contort them to their agenda, to motivate people to their will. My lack of education and the reverence surrounding Awlaki, an Islamic scholar, was enough to cause me to believe. And believe I did, for I nearly took my own life and the lives of innocents."

Also while incarcerated he has studied and gleaned the true meaning of Islam.

"Your Honor, the Quran teaches much deeper treatment of fellow Muslims and non-Muslims, that being equal treatment. . . Your Honor, living this day with knowledge that I did not take the life of an innocent person is a great reward. My greater and new found understand of the Quran teaches one who kills an innocent or a believer, 'will not even smell the fragrance of paradise.'"



## CONCLUSION

While Najibullah Zazi's participation in these offense(s) was so clearly and undeniably inexcusable, he accepts full responsibility for his actions.

Your Honor is asked to consider a downward departure in this case that reflects Najibullah Zazi's extraordinary and critical assistance, as well as certain actions that reflect his remorse and regret at commission of the offenses. The Government's twenty-five (25) page letter truly indicates how substantial his cooperation was.

Mr. Zazi respectfully asks Your Honor to take all these factors into account in fashioning a sentence that reflects justice and compassion.

[REDACTED]

For the foregoing reasons, the defendant seeks to join the Government in their request for a downward departure of his sentence from the United States Sentencing Guidelines and respectfully asks Your Honor to fashion a sentence that reflects Mr. Zazi's extraordinary cooperation with the United States Government.

We ask the Court consider sentencing Mr. Zazi to a period of incarceration of ten (10) years with an appropriate period of Supervised Release.

We stand ready to assist the Court with any information that it requires and thank the Court for its attention to this memorandum.

Because of the nature of this request, I respectfully request that this letter be filed under seal.

Respectfully submitted,

William J. Stampur, Esq.

Encls.

cc: Assistant United States Attorney: Douglas Pravda (by email)
Senior United States Probation Officer: Shayna Bryant (by email)